UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:26-cv-00296-AB-DTB | Date: | July 2, 2026 |
|---|---|---|---|

| Title: | *Aleah Willis v. General Motors LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER <u>DENYING</u> MOTION FOR REMAND [Dkt. No. 18]**

Before the Court is Plaintiff Aleah Willis's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 18). Defendant General Motors LLC ("Defendant") filed an opposition. Plaintiff did not file a reply. The Motion is **DENIED**.

**DISCUSSION**

Given the numerous similar motions for remand pending in cases filed by Plaintiffs' counsel Prestige Legal Solutions, P.C., against General Motors, LLC, the Court keeps its analysis brief.

Plaintiff's state court Complaint alleges one claim for violation of the federal Magnuson-Moss Warranty Act ("MMWA") and one claim for violation of the California Uniform Commercial Code arising out of her purchase of a 2018 Chevrolet Traverse ("Vehicle"). *See* Compl. (Dkt. No. 1-1). More than 30 days after Plaintiff served the Complaint on Defendant, Defendant removed the action based on federal question jurisdiction. 28 U.S.C. § 1331. *See* Corrected Notice of

Removal ("NOR," Dkt. No. 9). MMWA claims trigger federal question jurisdiction only if the amount in controversy exceeds $50,000. 15 U.S.C. § 2310(d)(3)(B).

Plaintiff moves to remand the action on two grounds: that Defendant's removal was untimely because the MMWA amount in controversy was apparent on the face of the Complaint, and that subject matter jurisdiction is lacking because the amount in controversy is not clear. Insofar as Plaintiff is not presenting these arguments in the alternative—and it does not appear that she is—the arguments appear to be irreconcilable.

In any event, Plaintiff's Motion fails on the merits. First, Defendant's removal was timely because no 30-day period was triggered. 28 U.S.C. § 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). The first 30-day period is triggered where removability is ascertainable from the face of the Complaint. Plaintiff's Complaint does not allege an amount in controversy so it is indeterminate on that essential fact and the first 30-day period was not triggered. The second 30-day period is triggered if the defendant receives an "other paper" from which removability can be ascertained from the face of that document. Plaintiff suggests that the second 30-day period was triggered by the Vehicle Sales Agreement which it served on Defendant on December 8, 2025. Defendant removed more than 30 days later, but removability could not be ascertained from the face of the Agreement because it only showed the total sales price of $33,719.80, which is well below $50,000. Because neither 30-day removal period was triggered, Defendant was free to remove when it did based on its own investigation. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013) (a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" and does so "within one year of the commencement of the action.")

Second, Defendant has established that the amount in controversy is satisfied based on its own investigation which showed that the vehicle was fully paid off; that based on similar cases, Plaintiff is likely to seek at least $5,000 in incidental and consequential damages; and that because the case did not settle in early negotiations, Plaintiff will likely seek attorneys' fees of $33,000 and costs of $9,500, yielding a total amount in controversy of $81,519.20, which is well above the $50,000 amount in controversy necessary to trigger federal jurisdiction over an MMWA claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **DENIED**.

The parties are **ORDERED** to meet and confer and to file within 14 days of this Order an Amended Rule 26(f) Joint Report, including a new Schedule Worksheet with appropriate dates.

**IT IS SO ORDERED.**